ORIGINAL

# In the United States Court of Federal Claims

No. 17-207C

(Filed: June 21, 2017)

```
*****************************
                              *
BILLY DRIVER, JR.,            *
                              *
              Plaintiff,      *
                              *
v.                            *
                              *
THE UNITED STATES,            *
                              *
              Defendant.      *
                              *
*****************************
```

FILED
JUN 2 1 2017
U.S. COURT OF
FEDERAL CLAIMS

## DISMISSAL FOR FAILURE TO PROSECUTE

The Court, by its own motion, dismisses Mr. Driver's complaint for failure to prosecute under Rule 41(b) of the Court of Federal Claims ("RCFC"). On April 17, 2017, the Government filed a motion to dismiss Mr. Driver's complaint. Dkt. No. 15. Mr. Driver failed to respond to the Government's motion by the Court's May 18, 2017 deadline. On June 2, 2017, the Court issued an order directing Mr. Driver to respond to the Government's motion by June 16, 2017, including a statement explaining why the Court should not dismiss Mr. Driver's complaint for failure to prosecute. Dkt. No. 17. In its order, the Court warned Mr. Driver that failure to comply with the Court's order would result in dismissal of his complaint. Id. Mr. Driver did not file a response on or before June 16, 2017.

RCFC 41(b) provides that "[i]f the plaintiff fails to prosecute or comply with these rules or a court order, the court may dismiss on its own motion or the defendant may move to dismiss the action or any claim against it." Rule 41(b) is a necessary tool to ensure efficient docket management and prevent undue delays in litigation. Link v. Wabash R.R. Co., 370 U.S. 626, 629–30 (1962). "While dismissal of a claim is a harsh action, especially to a *pro se* litigant, it is justified when a party fails to pursue litigation diligently and disregards the court's rules and show cause order." Whiting v. United States, 99 Fed. Cl. 13, 17 (2011) (citing Kadin Corp. v. United States, 782 F.2d 175, 176-77 (Fed. Cir. 1986)). Here, Mr. Driver failed to respond to the Government's motion to dismiss and to the Court's show cause order. Dismissal is therefore not only appropriate, but required to maintain judicial efficiency and conserve court resources.

7017 1450 0000 1346 0119

Accordingly, this case is DISMISSED, without prejudice, for failure to prosecute in accordance with Rule 41(b), and all pending motions are dismissed as moot. The Clerk is directed to enter judgment for the Government.

IT IS SO ORDERED.

*Thomas C. Wheeler*
THOMAS C. WHEELER
Judge